## No. 744

### LINK et v. BURKE et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5910.   Decided May 17, 1926.

First Publication of this Opinion.

1100. SPECIFIC PERFORMANCE—Where intention of parties was that contract should be performed and stipulation for liquidated damages or penalty was inserted merely as security for such performance, contract will be specifically enforced.

557. FRAUD AND DECEIT—Allegations as to fraud and misrepresentation must be supported by degree of proof which law requires to avoid terms of written contract.

Appeal from Common Pleas.

Decree for plaintiff.

D. B. Cull, Cleveland, for Link.

White, Cannon & Spieth, Cleveland, for Burke.

FULL TEXT.

SULLIVAN, J.

This cause comes into this Court on appeal from the Court of Common Pleas, and the

action is for the specific performance of a written contract with respect to the purchase, sale and conveyance by defendants to plaintiffs of a parcel of real estate situated in Cleveland, Ohio, owned by the defendants. The answer of the defendants admits the making of the contract, but .sets. up that there was misrepresentation and fraud, and that the defendants executed it not knowing that it was of the purport designated by its terms. It is also set up that there was an agreement between the parties under the terms of the contract for liquidated damages in case of breach by either party, and the reply denied these allegations.

From an examination of the amended answer and the record in the case, it appears clear that the allegations as to fraud and misrepresentation are not supported by that degree of proof which the law requires in order to avoid the terms of a written contract admitted to be executed by the parties complaining, and especially considering the admission and execution of the contract unsupported by that degree of evidence which ought to bring the reviewing court to the conclusion that its terms were not understood by the plaintiff.

It plainly appears from the record that the defendants were not deprived in any manner from equality of knowledge with the plaintiff respecting the terms of the contract, and when. there is added to that situation the fact that the plaintiff admits a desire to sell the property and that it was sold for a reasonable figure, it emphasizes the conclusion of the Court that the plaintiffs are entitled to specific performance as prayed for in their petition.

The decisive element of consideration is the fact that the defendants received a portion of the money and have never, in a legally effective manner, placed themselves in statu quo by returning it to the plaintiffs in error, and it also appears, with respect to the terms of the contract relating to the repudiation of its terms by either party, that the allegation relating thereto in the answer fails to meet the requirement of full performance by way of cancellation or repudiation under the specific terms of the contract. These allegations are altogether too desultory and of too general a nature on their face to construct a legal ground of defense based upon a denial of the right of the plaintiffs to specific performance.

On the other hand the evidence of the contract itself, with the execution thereof taken in connection with all the evidence appearing in the record, makes out a case in our opinion which justifies the court in granting the prayer of the petition and decreeing specific performance.

Bearing upon the charge that there is an adequate remedy at law we cite Koch v. Stretur, 218 Ill. 546, 2 L.R.A.N.S 210, which reads as follows:

"Whenever it appears that the intention of the parties was that the contract should be performed and that a stipulation for liquidated damages or a penalty was inserted merely as a security for such performance, then the contract will be specifically enforced notwithstanding the contract is alternative in form."

Upon the question of .specific performance

we cite Railroad v. Railroad 13 OS. 544 and Tiffin v. Shawhen, 43 OS. 178 which hold that specific performance may be had as a matter of right, because there is nothing else in the world exactly equivalent to conveyance of the particular piece of real estate contracted for.

Holding these views a decree for the plaintiffs will be entered, order see journal.

(Levine, PJ., and Vickery, J., concur.)